BEIRNE et al. v. WADSWORTH.

(*Circuit Court, D. Minnesota.* November 14, 1888.)

EQUITY—PRACTICE—DISMISSAL FOR WANT OF PROSECUTION.
 Under circuit court rule 69, giving a complainant three months after issue joined in which to take depositions, a cause will not be dismissed for want of prosecution for nine months' delay, where it appears from the affidavits of complainant's counsel that from a conversation with defendant's counsel they were led to believe that a compromise was mutually desired and would be effected, and that they in good faith submitted the matter to their clients, who lived in Ireland, and, not having been yet advised of their intentions as to the proposition, took no proof, understanding defendant to agree that none need be taken pending negotiations, though from the statement of the conversation in the affidavits of defendant and his counsel such impression and delay were not warranted thereby.

In Equity. On motion to dismiss for want of prosecution.

Bill by Sarah Beirne and James Beirne, her husband, to set aside a conveyance made by said Sarah Beirne to defendant, Harry H. Wadsworth. On the 26th day of September, 1888, the cause being at issue on bill, answer, and replication, defendant moved to dismiss the cause for want of prosecution, basing his motion on his affidavit, in which he stated that the cause had been at issue upon the pleadings since Decem-

ber 14, 1887, and that more than the three months provided for the taking of proof in causes pending in the circuit court under rule 69 had elapsed, and no attempt to take testimony in support of the bill had been made. Upon this a rule to show cause was moved and made, which, with copies of the motion and defendant's affidavit, was served on complainants on the same day. Complainants, to show cause against such dismissal, filed the affidavits of A. B. Choate and Thomas J. Walsh. The affidavit of Mr. Choate set forth that the complainants were subjects of the kingdom of Great Britain and Ireland, living in Ireland, and had never been in America; that all his consultations with them were by correspondence; that they first employed Richard W. Clifford, of Chicago, Ill., as their solicitor, in whom they reposed special confidence; and that all the correspondence was with him, which made communication slow and difficult. Affiant further stated that since the cause was at issue a proposition had been submitted to him by defendant for a settlement of the controversy, of which he thought favorably, and so informed defendant. Affiant wrote Mr. Clifford of the proposition for transmission to complainants, and informed Mr. Clifford that in his opinion there was a fair prospect of a satisfactory adjustment of the matter. For this reason no depositions were taken in support of the bill, as the most of the testimony would have to be taken in Ireland, at great expense, which they hoped to obviate by a settlement. Affiant further stated that he had not heard from complainants since the proposition was made, but believed an answer would soon be received, and the cause would either be settled and dismissed or proofs taken to support the bill. He further stated that it was one of the terms of the proposed settlement that the cause should stand without prosecution during the pendency of negotiations, and that the attorneys for both parties agreed to unite in a proceeding to determine the interest complainants had in the land mentioned in the bill, and that said cause should be dismissed upon the reconveyance by defendant of the interest conveyed to him by complainants and the conveyance to defendant of a certain interest in said land, the exact amount of which he was unable to state from memory. The proposition was made by M. B. Koon, solicitor for defendant, to affiant. The affidavit of Mr. Walsh stated that he was an attorney residing in Chicago; that since the election of Hon. Richard W. Clifford as judge of the circuit court of Cook county, Ill., affiant had been attending to this cause in his behalf; that the important witnesses and the complainants themselves resided in Ireland; and that the complainants, being poor and unable to advance means to carry on the suit, were therefore desirous to settle the same; that in December and January last, Mr. Choate communicated the terms of a proposed adjustment of the controversy to Judge Clifford; that communication had been had with complainants regarding it, but that they had not as yet advised affiant of their positive intention to accept it, but they were induced from the fact of proposition being made to believe that a settlement would be reached; that, had affiant not been so led to believe, the depositions would have been taken; that complainants were anxious to dispose of the cause, and had a mer-

itorious cause of action; that they were willing to settle the matter on account of their poverty, if a settlement could be made, and would prepare for a speedy trial as soon as it became apparent that a settlement could not be made.

In support of the motion the defendant filed his affidavit, repeating substantially the allegations of the former one, and adding that he knew personally that no true testimony in support of the allegations of the bill could be procured, which he believed to be the reason none was taken. He further stated that he did not believe complainants ever intended to prosecute the suit, but brought it by the influence of designing persons. He denied the statements that complainants were poor, upon information received from them; denied making any proposition himself, or through any other person, looking towards a compromise; averred that there never was any prospect for a settlement of the suit, and that neither complainants nor their counsel were ever led to believe anything of the kind by him or his counsel. He also denied that complainants had any meritorious cause of action, and alleged that communication with them, if desired, could be had within 12 hours. The affidavit of M. B. Koon, defendant's counsel, stated that the object of the suit was to set aside a conveyance made by complainant Sarah Beirne to defendant of a two-fifths interest in land in Minneapolis; that affiant never consented to any delay or extension of the time for taking depositions therein, and that he was never asked to do so; denied that the cause was delayed or postponed by reason of any proposition to compromise, and alleged that none had been talked of between him and complainants' counsel; and stated that the only conversation that could be so construed was one occurring about the time defendant's answer was filed, in which affiant told Mr. Choate that all his clients claimed to own was an undivided one-twentieth part of the land, and that he (affiant) thought if they had any interest at all it was greater than that, and that if they would dismiss their suit defendant would as speedily as possible ascertain complainant's interest; and that, if he succeeded in establishing their interest, he would give them what they claimed, and take whatever interest he established over and above the undivided one-twentieth, for his own share and for his trouble and expense; that Mr. Choate said he could not answer without consulting the Chicago counsel, and thereupon the matter was dropped, and affiant had no recollection of its being mentioned again. Affiant explained in detail his reasons for thinking complainants entitled to one-twentieth of the land, and for making the proposition; and also stated that he was quite well acquainted with the facts, and did not believe complainants had any cause of action.

*A. B. Choate*, for complainants.

*M. B. Koon*, for defendant.

SHIRAS, J. With some hesitancy, I overrule the motion for an order dismissing the cause for want of prosecution. From the affidavits filed, while it clearly appears that complainants are in fault in not preparing the cause for trial, yet the excuse offered may explain the reasons there-

for. It is certainly the duty of complainants' counsel to either reach a settlement or prepare the case for trial. Unless such action is had, defendant has leave to renew his motion at the next term.